## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS
## KANSAS CITY DIVISION

| | | |
|---|---|---|
| ST. JAMES COURT HOMES ASSOCIATION, INC., | ) ) ) | |
| *Plaintiffs*, | ) ) | Case No. |
| v. | ) ) | |
| ASPEN SPECIALTY INSURANCE COMPANY, LEXINGTON INSURANCE COMPANY, OLD REPUBLIC UNION INSURANCE COMPANY, and SCOTTSDALE INSURANCE COMPANY, | ) ) ) ) ) ) ) | |
| *Defendant*. | ) | |

## **NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Scottsdale Insurance Company ("Scottsdale") files this Notice of Removal ("Notice") from the District Court of Johnson County in the State of Kansas to the United States District Court for the District of Kansas. Defendant states the following in support of removal:

1. Plaintiff St. James Court Homes Association, Inc. ("Plaintiff") filed a Petition and Jury Demand with the District Court of Johnson County, Kansas, Case No. JO-2025-CV-002257, captioned as stated above (the "State Court Action"). That Petition and Jury Demand is attached hereto as **Exhibit A**.

2. In the State Court Action, Plaintiff alleges damages against the above-named Defendants for allegedly failing to provide insurance coverage for damage to certain properties. (**Exhibit A**).

3. It has not been more than 30 days since Defendant was served with process. Removal is timely under 28 U.S.C. § 1446(b)(1).

4. Pursuant to 28 U.S.C. § 1446(b)(2)(A), all Defendants have consented to removal of this action. (*See infra* and **Exhibit B**).

5. Pursuant to D. Kan. Rule 81.1(b)(1), removal is proper to the Record Office of this Court located in Kansas City.

6. "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

7. Defendant removes the State Court Action to this Court based on the Court's diversity jurisdiction under 28 U.S.C. § 1332(a)(1). That statute states, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." *Id.* When the Court's subject matter jurisdiction is premised on 28 U.S.C. § 1332(a)(1), "the relevant time period for determining the existence of complete diversity is the time of the filing of the complaint." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1239 (10th Cir. 2015).

8. Plaintiff is a citizen of Kansas, as it is incorporated there and maintains its principal place of business there. (**Exhibit A** at ¶ 1).

9. Defendant Aspen Specialty Insurance Company is a citizen of North Dakota and Connecticut, as it is incorporated in North Dakota and maintains its principal place of business in Connecticut. (**Exhibit A** at ¶ 2).

- 3 -

10. Defendant Lexington Insurance Company is a citizen of Delaware and Massachusetts, as it is incorporated in Delaware and maintains its principal place of business in Massachusetts. (**Exhibit A** at ¶ 3).

11. Defendant Old Republic Union Insurance Company is a citizen of Illinois, as it is incorporated in Illinois and maintains its principal place of business there. (**Exhibit A** at ¶ 4).

12. Defendant Scottsdale is a citizen of Ohio and Arizona, as it is incorporated in Ohio and maintains its principal place of business in Arizona. (**Exhibit A** at ¶ 5).

13. Because Plaintiff and the Defendants are citizens of different States, complete diversity exists between the parties under 28 U.S.C. § 1332(a)(1).

14. Plaintiff's allegations of damages are accepted as the amount in controversy if they are made in good faith. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87, 135 S. Ct. 547, 190 L. Ed. 2d 495 (2014). "Similarly, when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* A defendant need only make a plausible allegation that the amount in controversy exceeds the jurisdictional threshold—a defendant need not plead evidence in support of the amount in controversy unless it is challenged. *Id.* at 89. The Court can dismiss a case for failing to meet the amount in controversy only if it is "legally certain" that the plaintiff cannot recover that amount. *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008).

15. Here, Plaintiff alleges covered damages of $4,378,678.11. (**Exhibit A** at ¶ 23). Because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and complete diversity exists between the parties, this action satisfies this Court's diversity jurisdiction under 28 U.S.C. § 1332(a)(1).

16. Consistent with 28 U.S.C. § 1446(d), promptly upon filing, Defendant Scottsdale will send copies of this Notice to Plaintiff and will file a copy with the Clerk where the State Court Action is currently pending.

17. Pursuant to D. Kan. Rule 81.1(c)(3), Defendant Scottsdale will file a certificate with this Court showing proof of service of all notices and filings with the Clerk where the State Court Action is currently pending.

18. Pursuant to Pursuant to D. Kan. Rule 81.2, Defendant Scottsdale will file with this Court, within 21 days after the filing of this Notice, a copy of all records and proceedings had in the State Court Action.

19. Defendant Scottsdale reserves the right to amend or supplement this Notice and reserves all rights and defenses available to it.

WHEREFORE, Defendant Scottsdale states that the State Court Action is properly removable and gives notice to this Court, the other parties, and the District Court of Johnson County, Kansas, that this action has been removed to the United States District Court for the District of Kansas.

Respectfully submitted,

*/s/ Kyle P. Sollars*
W. Clark Richardson, KS Bar #27740
Kyle P. Sollars, KS Bar #25982
SHOOK, HARDY & BACON, LLP
2555 Grand Boulevard
Kansas City, MO 64108
T: 816.474.6550
F: 816-421-5547
wrichardson@shb.com
ksollars@shb.com
***Attorneys for Defendant Scottsdale Insurance Company***

**CONSENT TO REMOVAL**

WE HEREBY JOIN AND CONSENT TO REMOVAL:

*/s/ Steven McCartan*
Steven McCartan, KS Bar #19612
SHOOK, HARDY & BACON, LLP
2555 Grand Boulevard
Kansas City, MO 64108
T: 816.474.6550
F: 816-421-5547
smccartan@shb.com
***Attorney for Lexington Insurance Company***

*See Exhibit B for Consent of Defendants Aspen Specialty Insurance Company and Old Republic Union Insurance Company*

- 6 -

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of January, 2026, a true and correct copy of the foregoing was filed using the Court's CM/ECF electronic filing system, which served notice on all counsel of record.

>  /s/ Kyle P. Sollars   
> ATTORNEY FOR DEFENDANT