# EXHIBIT A

ELECTRONICALLY FILED
2025 Sep 15 PM 3:26
CLERK OF THE JOHNSON COUNTY DISTRICT COURT
CASE NUMBER: JO-2025-CV-002257
PII COMPLIANT

IN THE TENTH JUDICIAL DISTRICT
DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL DEPARTMENT

| | |
|---|---|
| ST. JAMES COURT HOMES ASSOCIATION, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No.: |
| | ) Judge: |
| ASPEN SPECIALTY INSURANCE COMPANY, LEXINGTON INSURANCE COMPANY, OLD REPUBLIC UNION INSURANCE COMPANY, and SCOTTSDALE INSURANCE COMPANY, | ) ) ) ) ) ) ) |
| Defendants. | ) |

**PETITION AND JURY DEMAND**

**COMES NOW**, St. James Court Homes Association, Inc. (hereinafter "SJC" or "Plaintiff"), by and through its undersigned counsel, and hereby submits its Petition and Jury Demand ("Petition") against Defendants, Aspen Specialty Insurance Company, Lexington Insurance Company, Old Republic Union Insurance Company, and Scottsdale Insurance Company, (collectively "Defendants"), and in support of its Petition, alleges and avers as follows:

**PARTIES**

1. SJC is a Kansas not-for-profit corporation organized and existing under the laws of Kansas and doing business in Kansas.

2. Defendant, Aspen Specialty Insurance Company, is an insurance company incorporated under the laws of North Dakota with its principal place of business in Connecticut. Defendant is authorized to engage in the business of insurance in the State of Kansas.

3. Defendant, Lexington Insurance Company, is an insurance company incorporated under the laws of Delaware with its principal place of business in Massachusetts. Defendant is authorized to engage in the business of insurance in the State of Kansas.

4. Defendant, Old Republic Union Insurance Company, is an insurance company incorporated under the laws of Illinois with its principal place of business in Illinois. Defendant is authorized to engage in the business of insurance in the State of Kansas.

5. Defendant, Scottsdale Insurance Company, is an insurance company incorporated under the laws of Ohio with its principal place of business in Arizona. Defendant is authorized to engage in the business of insurance in the State of Kansas.

6. The facts giving rise to this Petition occurred in the City of Olathe, Johnson County, Kansas.

## FACTS COMMON TO ALL COUNTS

7. Plaintiff is a not-for-profit corporation that manages SJC, a community of maintenance-provided townhomes consisting of numerous buildings. The following buildings and addresses (hereinafter "the Property") are the subject of this Petition:

| Building 1 | 14294 West 151st Terrace Olathe, KS 66062 |
| Building 2 | 14282 West 151st Terrace Olathe, KS 66062 |
| Building 3 | 14270 West 151st Terrace Olathe, KS 66062 |
| Building 4 | 14264 West 151st Terrace Olathe, KS 66062 |
| Building 5 | 14232 West 151st Terrace Olathe, KS 66062 |
| Building 6 | 14178 West 151st Terrace Olathe, KS 66062 |
| Building 7 | 14146 West 151st Terrace Olathe, KS 66062 |
| Building 8 | 14048 West 151st Terrace Olathe, KS 66062 |
| Building 9 | 14016 West 151st Terrace Olathe, KS 66062 |
| Building 10 | 13976 West 151st Terrace Olathe, KS 66062 |
| Building 11 | 13944 West 151st Terrace Olathe, KS 66062 |
| Building 12 | 15117 South Symphony Drive Olathe, KS 66062 |
| Building 13 | 15141 South Symphony Drive Olathe, KS 66062 |
| Building 14 | 15140 South Symphony Drive Olathe, KS 66062 |
| Building 15 | 15116 South Symphony Drive Olathe, KS 66062 |
| Building 16 | 14257 West 151st Terrace Olathe, KS 66062 |
| Building 17 | 14289 West 151st Terrace Olathe, KS 66062 |

| Building 18 | 15182 South Greenwood Street Olathe, KS 66062 |
| --- | --- |
| Building 19 | 15192 South Greenwood Street Olathe, KS 66062 |
| Building 20 | 15212 South Greenwood Street Olathe, KS 66062 |
| Building 21 | 15222 South Greenwood Street Olathe, KS 66062 |
| Building 22 | 15242 South Greenwood Street Olathe, KS 66062 |
| Building 23 | 15252 South Greenwood Street Olathe, KS 66062 |
| Building 24 | 15262 South Greenwood Street Olathe, KS 66062 |
| Building 25 | 15282 South Greenwood Street Olathe, KS 66062 |
| Building 26 | 15193 South Greenwood Street Olathe, KS 66062 |
| Building 27 | 15183 South Greenwood Street Olathe, KS 66062 |
| Building 28 | 15190 South Symphony Drive Olathe, KS 66062 |
| Building 29 | 15170 South Symphony Drive Olathe, KS 66062 |
| Building 30 | 15171 South Symphony Drive Olathe, KS 66062 |
| Building 31 | 15191 South Symphony Drive Olathe, KS 66062 |
| Building 32 | 15220 South Symphony Drive Olathe, KS 66062 |
| Building 33 | 15221 South Symphony Drive Olathe, KS 66062 |
| Building 34 | 15241 South Symphony Drive Olathe, KS 66062 |
| Building 35 | 15261 South Symphony Drive Olathe, KS 66062 |
| Building 36 | 15281 South Symphony Drive Olathe, KS 66062 |
| Building 37 | 14031 West 152nd Terrace Olathe, KS 66062 |
| Building 38 | 14051 West 152nd Terrace Olathe, KS 66062 |
| Building 39 | 14081 West 152nd Terrace Olathe, KS 66062 |
| Building 40 | 14121 West 152nd Terrace Olathe, KS 66062 |
| Building 41 | 14122 West 152nd Terrace Olathe, KS 66062 |
| Building 42 | 14082 West 152nd Terrace Olathe, KS 66062 |
| Building 43 | 14052 West 152nd Terrace Olathe, KS 66062 |
| Building 44 | 14032 West 152nd Terrace Olathe, KS 66062 |
| Building 45 | 14101 West 151st Terrace Olathe, KS 66062 |

8. Plaintiff purchased an all-risk, replacement cost value policy of insurance subscribed to by Defendants under Policy No. WKFCC-02295-02 (hereinafter "the Policy") to cover the Property. *See* **Exhibit 1**.

9. In exchange for the Policy, Plaintiff paid Defendants a premium of $166,330.00.

10. The Policy was issued with effective dates of October 8, 2022, to October 8, 2023 (the "Policy Period").

11. With regard to Defendant Aspen Specialty Insurance Company, the Policy states:

> It is further agreed that service of process in such suit may be made upon: Aspen Specialty Insurance Management, Inc., c/o General Counsel, 175 Capital Blvd., Rocky Hill, CT 06067.

12. With regard to Defendant Lexington Insurance Company, the Policy states:

    It is further agreed that service of process in such suit may be made upon Counsel, Legal Department, Lexington Insurance Company, 99 High Street, Boston, Massachusetts, 02110 or his or her representative.

13. With regard to Defendant Old Republic Union Insurance Company, the Policy states:

    Old Republic Union Insurance Company hereby designates the Superintendent of Insurance, Insurance Commissioner, Director of Insurance, or other officer specified by law, pursuant to the laws of the State where this policy is delivered, as its true and lawful attorney upon whom may be served any lawful process in any action, suit, or proceeding instituted in the State in which this policy is delivered, by or on behalf of, the insured or any beneficiary hereunder arising out of this contract of insurance. Further, service may also be made to: Old Republic Union Insurance Company C/O Secretary, 307 N. Michigan Avenue, Chicago, Illinois 60601.

14. With regard to Defendant Scottsdale Insurance Company, the Policy states:

    The person named below is authorized and directed to accept service of process on behalf of the Company: Commissioner of Insurance, 1300 SW Arrowhead Road, Topeka, KS 66604.

15. The Policy further states:

    **A. Coverage**
    We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

16. During the Policy Period, on or about September 23, 2023, a storm with hail up to 1.75" in diameter caused direct physical loss of or damage to the Property (the "Loss").

17. Upon discovering damage caused by the storm, Plaintiff timely reported the Loss to Defendants.

18. Defendants assigned the claim to a third-party claims' administrator, Sedgwick Claims Management Services, Inc. ("Sedgwick"), who assigned Claim No. 4209782 to the Loss.

19. Defendants incorrectly assigned a date of loss of September 16, 2023, instead of the reported date of loss of September 23, 2023.

20. Plaintiff's contractor, Pyramid Roofing & Exteriors ("Pyramid"), inspected the Property and identified significant hail damage to the Property.

21. Upon information and belief, Sedgwick retained MKA International, Inc. ("MKA"), who inspected five (5) of the forty-five (45) buildings at the Property on or about January 8, 2024, with Pyramid and Sedgwick both present.

22. Following the inspection, Sedgwick advised all roofs sustained covered damage as a result of the Loss and prepared an estimate and Statement of Loss dated April 1, 2024, for full replacement of all forty-five (45) roofs, among other things. *See* **Exhibit 2**, Statement of Loss dated April 1, 2024.

23. According to Sedgwick, the Replacement Cost Value ("RCV") of the Loss was determined to be **$4,378,678.11** and the Actual Cash Value ("ACV") of the loss was determined to be **$2,130,682.76**. *See*, Id.

24. Based on Sedgwick's determination all forty-five (45) roofs needed to be replaced as a result of the Loss, Plaintiff and Pyramid entered into a construction agreement whereby Pyramid ordered materials to ensure availability and to secure market pricing.

25. Unfortunately, Defendants failed and continue to fail to pay the claim and to fully compensate Plaintiff for covered damages caused by the Loss. Instead, after much delay and non-responsiveness, Sedgwick retained another engineer from JS Held to conduct an evaluation of the storm-damaged buildings.

26. JS Held inspected all forty-five (45) buildings between November 19, 2024, and December 23, 2024.

27. Despite confirming hail damage to the buildings, including but not limited to "hailstone impact damage in the form of ruptured shingle mats and impact points" on southwest-facing roof fields, and "[l]ight-gauge roofing-related metals such as gutters and downspouts, exhaust vent caps, and valley flashings, were dented by hailstone impacts," JS Held concluded incredulously "that the observed hail damage to asphalt shingles, and coincident hail dents in metals throughout, was not caused by a hailstorm on September 16, 2023, or any other relatively recent hailstorm." Based on these findings, Defendants wrongfully denied Plaintiff's claim alleging, "Since the above-noted damage pre-dates the inception date of the Policy as well as the 2020-21 and 2021-22 Policies, there exists no coverage for St. James' claimed losses." *See* **Exhibit 3**, Denial Letter dated February 13, 2025.

28. As a result of Defendants' failure to provide coverage due under the Policy, Plaintiff was forced to retain the legal counsel.

29. To date, Defendants have made no payment for the Loss.

30. Plaintiff has performed all conditions precedent and subsequent required under the Policy, or alternatively, has been excused from performance by the acts, representations, and conduct of Defendants.

31. Defendants' failure to timely and properly provide coverage available under the Policy has compelled Plaintiff to institute this suit to recover amounts due and owing under its Policy.

**FIRST CLAIM FOR RELIEF**
**(Breach of Contract)**

32. Plaintiff realleges and reaffirms Paragraphs 1- 31 as if fully set forth herein.

33. Plaintiff purchased an all-risk Policy requiring Defendants to pay for any and all direct physical loss of or damage to Covered Property caused by or resulting from a Covered Cause of Loss not expressly excluded or otherwise limited by the Policy.

34. The Policy between Plaintiff and Defendants is a binding contract.

35. Plaintiff paid premiums and otherwise performed all conditions precedent to the recovery of benefits under the Policy.

36. Defendants have and had an absolute duty under the Policy to fully and fairly investigate Plaintiff's claim and to compensate Plaintiff for all covered damages.

37. Defendants have delayed and denied issuance of payment due and owed under the Policy, and such delay and denial continue to the present day.

38. Defendants retained biased individual(s) to conduct outcome-oriented investigation(s) into Plaintiff's claim.

39. Based on improper investigation and handling of the Loss by biased, outcome-oriented, improperly trained, unqualified and/or inexperienced employees and/or representatives, Defendants have delayed proper resolution of the claim; delayed payment of benefits owed under the Policy; and undervalued and denied covered benefits owed to Plaintiff.

40. By failing to timely and properly evaluate and pay Plaintiff's claim, Defendants breached their contractual obligations to Plaintiff in one or more of the following ways:

  (a) Misrepresenting and failing to disclose all pertinent facts or Policy provisions relating to the Loss;

  (b) Failing to promptly and fully respond to communications from the Plaintiff and/or Plaintiff's representatives;

  (c) Not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claim when liability had become reasonably clear;

  (d) Failing to pay the full and fair amount for the property damage sustained to Plaintiff's Property in accordance with the terms and conditions of the Policy;

  (e) Failing to perform a fair and objective investigation of Plaintiff's damages;

  (f) Failing to retain qualified, unbiased individuals to investigate Plaintiff's claim and damages;

  (g) Failing to properly train individuals to investigate Plaintiff's claim and damages;

  (h) Ignoring and/or refusing to consider evidence from its insured supporting payment of the claim;

  (i) Ignoring and/or refusing to consider evidence from its retained consultant(s) supporting payment of the claim;

  (j) Failing to properly apply provisions of the Policy to the property damages sustained by Plaintiff on or about September 23, 2023;

  (k) Failing and refusing to consider the reasonable expectations of Plaintiff;

  (l) Failing and refusing to properly investigate and consider the insurance coverage promised to Plaintiff;

  (m) Underpaying the insurance benefits owed to Plaintiff; and

  (n) Failing to timely and properly pay all undisputed amounts owed for covered damages sustained during the Policy Period.

41. Defendants' failure to honor their obligations under the Policy is a breach of contract.

42. Defendants' breach of contract has damaged, and continues to damage, the Plaintiff.

43. Despite objective evidence of covered damage provided by Plaintiff, which was also confirmed by Defendants and Defendants' own retained representatives such as Sedgwick and MKA International, Defendants breached their obligations under the Policy by denying Plaintiff's

claim in full. As a result of this wrongful denial, Plaintiff has suffered and continues to suffer additional damages.

44. As a direct and proximate result of Defendant's failure to treat Plaintiff in good faith and with fair dealing, Plaintiff's claim was unnecessarily delayed, inadequately investigated, and wrongfully underpaid. Said actions resulted in additional profits and a financial windfall to Defendants to the damage and detriment of Plaintiff.

45. Plaintiff is entitled to all benefits due and owing under the Policy.

## SECOND CLAIM FOR RELIEF
### (Breach of the Common Law Duty of Good Faith and Fair Dealing)

46. Plaintiff realleges and reaffirms Paragraphs 1- 45 as if fully set forth herein.

47. By its acts, omissions and conduct, Defendants breached the common law duty of good faith and fair dealing by conducting a biased and outcome-oriented investigation, denying Plaintiff's claim without a reasonable basis and by failing to conduct a timely and proper investigation to determine whether it had a reasonable basis for the denial of Plaintiff's claim.

48. Defendants further breached the common law duty of good faith and fair dealing by unreasonably denying Plaintiff's entire claim and by failing to settle Plaintiff's claim as Defendants knew or reasonably should have known that Plaintiff's claims were covered. These acts, omissions and conduct by Defendants are a proximate cause of Plaintiff's damages.

49. Defendants committed unfair claim settlement practices in violation of K.S.A. § 40-2404(9).

## DEMAND FOR JURY TRIAL

50. Plaintiff demands trial by jury with respect to all claims and issues triable to a jury as a matter of right pursuant to K.S.A. 60-238(b) of the Kansas Rules of Civil Procedure.

## **REQUEST FOR RELIEF**

51. Plaintiff respectfully requests that this Court enter judgment in its favor and against the Defendants as follows:

    (a)    For compensatory damages;

    (b)    For consequential damages.

    (c)    For pre-judgement and post-judgement interest as permitted by statute or court rule;

    (d)    For all costs, expenses, and attorneys' fees incurred by Plaintiff as allowed by statute, court rule, or contract;

    (e)    For attorneys' fees pursuant to K.S.A. §§ 40-908 and/or 40-256; and

    (f)    For such other relief as the Court may deem just and proper.

Respectfully submitted,

J. DREW HOUGHTON,
Kansas Bar No. 27808
**MERLIN LAW GROUP, PLLC**
One Leadership Square
211 N. Robinson Ave, Suite 210
Oklahoma City, OK 73102
Phone: (405) 218-1105
Fax: (405) 218-1106
dhoughton@merlinlawgroup.com
*Attorney for Plaintiff*

**ATTORNEYS' LIEN CLAIMED**
**JURY TRIAL DEMANDED**