**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| ST. JAMES COURT<br>HOMES ASSOCIATION, INC.,<br><br>          **Plaintiff,**<br><br>      **v.**<br><br>ASPEN SPECIALTY INSURANCE<br>COMPANY, *et al.*,<br><br>          **Defendants.** | Case No. 2:26-cv-02008-JMK-JBW |

**MEMORANDUM AND ORDER**

This is a first-party insurance claim. Plaintiff St. James Court Homes Association, Inc. ("St. James") alleges that Defendants—four insurance companies—breached the parties' insurance policy by failing to pay a substantial hail damage claim. St. James brings two claims against Defendants: breach of contract and breach of the implied duty of good faith and fair dealing. Defendants filed a joint motion to dismiss the latter claim. As explained herein, Defendants' motion is granted in part, and denied in part.

## I.     BACKGROUND

The Complaint asserts that Defendants issued St. James an all-risk commercial property insurance policy. Doc. 1-1 at ¶ 8. The policy covered numerous properties and was in effect from October 8, 2022, through October 8, 2023. *Id.* at ¶¶ 7–10. In September 2023, St. James' property suffered significant hail damage. *Id.* at ¶¶ 16–17. Highly summarized, St. James alleges that Defendants breached the insurance policy by failing to cover what St. James contends is a covered loss. The Complaint contains two counts. Count I, or the "first claim for relief," asserts breach of contract. *Id.* at 6. Count II, or the "second claim for relief" asserts a breach of the common law duty of good faith and fair dealing. *Id.* at 9. One of the allegations supporting Count II is that

Defendants committed unfair claim settlement practices in violation of K.S.A. 40-2404(9). *Id.* at ¶ 49. Defendants jointly filed a partial motion to dismiss, arguing that Count II fails to state a claim for relief under Rule 12(b)(6). Doc. 25.

## II.    LEGAL STANDARD

A complaint survives a Rule 12(b)(6) motion to dismiss when it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if it contains factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). A court accepts as true all well-pleaded allegations in the complaint but need not accept legal conclusions. *Id.*

## III.    ANALYSIS

### A.  The Court declines to dismiss Count II.

Defendants argue that Count II must be dismissed because Kansas law does not recognize a separate tort for breach of the duty of good faith and fair dealing. Doc. 25. In response, St. James concedes that a claim for the breach of the implied duty of good faith and fair dealing is not a standalone tort, but nevertheless notes that a breach of that duty can constitute a breach of the underlying contract from which the duty flows. Doc. 33 at 2; *see also Bonanza, Inc. v. McLean*, 242 Kan. 209, 222 (1987). Essentially, St. James asserts that Count I and Count II are both alleging a breach of the contract, they just do it in different ways. In Count I, St. James alleges that Defendants breached the terms of the insurance policy. And in Count II, St. James alleges that

Defendants breached "provisions not specifically mentioned" in the policy, "but which are essential in carrying out its purposes." *Bonanza*, 242 Kan. at 221.

Either way, St. James concedes that it is not seeking additional damages in Count II; St. James acknowledges that, if it prevails, it is only entitled to compensatory damages for breach of contract, whether that breach was of the express terms of the contract (Count I) or its implied term of good faith and fair dealing (Count II). St. James is right to make this acknowledgement.

> Under long-standing Kansas law, an action to address an insurer's alleged breach of the duty to act in good faith in defending and settling a claim against its insured sounds in breach of contract. Breach of the implied covenant of good faith and fair dealing is *not a separate claim*. Rather, it is just another theory of breach of contract. Thus, to assert a cause of action against an insurer for breach of the duty of good faith and fair dealing under contract law, the insured must: (1) plead a cause of action for breach of contract, not a separate cause of action for breach of duty of good faith, and (2) point to a term of the contract which the defendant allegedly violated by failing to abide by the good faith spirit of that term.

*Cincinnati Ins. Co. v. Kan. St. Univ. Found.*, 2024 WL 1856316, at *6 (D. Kan. Apr. 29, 2024) (internal quotation marks and citations omitted).

Although there is little daylight between the parties' legal positions, they disagree as to the proper remedy. St. James relies on *Nathan C. Niles, D.D.S., LLC v. AMCO Ins. Co.*, 2021 WL 5161761 (D. Kan. Nov. 5, 2021), to argue that Count II should survive because it is anchored to Count I. But Defendants assert that dismissal of Count II is required because a breach of the implied duty of good faith and fair dealing is not a separate claim and, therefore, the inclusion of this standalone, "nonviable tort claim" would not only be contrary to Kansas law, but also would cause difficulty in crafting a verdict form and would stoke jury confusion. Doc. 36 at 2.

Courts in this District have taken different approaches to this argument. *Compare Bad Rhino Games, LLC v. Turn Me Up Games, Inc.*, 2023 WL 7018649, at *4 (D. Kan. Oct. 25, 2023) ("[T]o the extent TMU has pleaded a separate claim for breach of the duty of good faith, it is

dismissed; however, this ruling does not preclude TMU from including a breach of the duty of good faith as an alternative theory under Count 1."); *with Welton v. AMCO Ins. Co.*, 2015 WL 5604253, at *3 n.2 (D. Kan. Sept. 23, 2015) ("Although a claim for breach of the implied duty of good faith and fair dealing really is a claim for breach of contract, and not a separate cause of action, the Court will not dismiss Cause of Action Two for this reason."). That said, the majority approach appears to allow the pleading of both claims as separate counts. *See Nathan*, 2021 WL 5161761, at *3–4; *Cooper Mktg. Consulting LLC v. Gerson Co.*, 2018 WL 276765, at *6 (D. Kan. Jan. 3, 2018); *H & L Assocs. of Kan. City, LLC v. Midwestern Indem. Co.*, 2013 WL 3854484, at *4 n.29 (D. Kan. July 25, 2013); *Howard v. Ferrellgas Partners, L.P.*, 2011 WL 3299689, at *6 (D. Kan. Aug. 1, 2011).

The Court declines to dismiss Count II. Maybe the better approach would be for the Complaint to contain only one count, in which Plaintiff alleges both breach of the express contract and the duties implied therein. But the parties—and the Court—all agree that Count II is not a standalone tort; it is just another theory under which St. James can try to prove Defendants breached the insurance agreement. St. James has explicitly acknowledged that Count II would not entitle St. James to any additional damages on top of standard contract damages. Doc. 33, p. 4.[1] And so, there is little harm in the way it is currently pleaded, and there is no need for the Court to act under Rule 12(b)(6). *See* 5B Wright & Miller, Federal Practice & Procedure § 1356 (4th ed. 2026) ("The Rule 12(b)(6) motion addresses itself solely to the question of whether the complaint fails to state a claim and is not designed to correct inartistic pleadings or to force compliance with

---

[1] The Court notes that a pretrial conference is set for October 15, 2026. Doc. 85. To the extent Defendants have concerns about the risk of confusion regarding St. James' claims and the damages recoverable, the Court is certain those matters will be clarified in a pretrial order, which will supersede St. James' Complaint. *Swearingen v. Pleasanton Unif. Sch. Dist. 344*, 641 F. Supp. 3d 1141, 1164 (D. Kan. 2022). Of course, the Court expects St. James to take positions in that order that are consistent with the representations made in its briefing here.

the requirements of Federal Rule of Civil Procedure 10 as to the form of the pleadings.")
Defendants' motion to dismiss Count II as an improper, standalone claim is denied.

**B.  St. James cannot assert a private right of action under K.S.A. 40-2404(9).**

Defendants also take issue with the Complaint's reference to K.S.A. 40-2404(9) in Count
II, because they assert that under well-established Kansas law, St. James has no private right of
action or ability to enforce that statute. In response, St. James again concedes the point, asserting
that is not attempting to enforce K.S.A. 40-2404(9), but merely references it to "inform[] and
guide[] whether Defendants failed to act in good faith and with fair dealing." Doc. 33 at 4.
Nevertheless, Defendants argue that the Court should bar any reference to K.S.A. 40-2404(9)
because allowing any reference to it is "contrary to the law" and "a recipe for juror confusion."
Doc. 36 at 4.

To the extent St. James is trying to assert a private right of action under K.S.A. 40-2404(9),
Defendants' motion is granted. *Bonnell v. Bank of Am.*, 284 F. Supp. 2d 1284, 1289 (D. Kan.
2003). But otherwise, Defendants' motion is denied. The Court will not, at this time, strike any
language from St. James' Complaint or bar St. James from making any reference to this statute.
Defendants' concerns about prejudice or juror confusion are premature and not properly raised in
a Rule 12(b)(6) motion. As trial approaches, Defendants are free to file motions in limine to address
concerns they may have about irrelevant or prejudicial evidence reaching the jury. But there is no
need to cross those bridges at this stage in the proceedings.

IV.    **CONCLUSION**

For the reasons set forth herein, the Court declines to dismiss Count II or strike any
language from St. James' Complaint.

-6-

THE COURT THEREFORE ORDERS that Defendants' Joint Combined Partial Motion to Dismiss (Doc. 25) is GRANTED IN PART AND DENIED IN PART. To the extent Plaintiff is attempting to enforce K.S.A. 40-2404(9), such a claim is dismissed. Otherwise, Defendants' motion is denied.

IT IS SO ORDERED.

Dated: 7/23/2026          s/ Jeffrey M. Kuhlman
                                         JEFFREY M. KUHLMAN
                                         UNITED STATES DISTRICT JUDGE